think that the complainant is wrong. The defendant's disclaimer and answer appears to have been filed in good faith. He has answered, so far as he deemed it necessary to show that although, as president of the association, he once had an interest in this bond and mortgage, if the assignment to the trustee by his predecessor was invalid, such interest had been entirely divested by the subsequent appointment of a receiver, and the assignment of the whole effects of the association to that receiver for the benefit of its creditors and stockholders. And I do not find any thing in the complainant's bill charging the defendant Talmadge with having violated his duty as president of the association, so as to entitle the complainant to a decree against him personally, even for costs. I doubt, therefore, whether the complainant can even except to this answer successfully. For if the association has no interest in this controversy, and ought not to have been made a party after all its rights and interests had been transferred to the receiver, it seems to follow that an officer of such association who has no personal interest in the controversy, and who is not charged with any fraud or misconduct, cannot be compelled to answer matters as to which he is a mere witness. (*How* v. *Best*, 5 *Mad. Rep.* 19.)

The motion to take the answer and disclaimer off the files, is therefore denied, with $8 costs. But the complainant is at liberty to except to the answer, within the usual time after this decision, if he shall be advised to do so.

---

### HARRIS *vs.* WILLIAMS.

Where the complainant, in a simple bill of discovery, asks for a discovery from the defendant previous to the filing of his bill, which discovery is material to the prosecution or defence of his rights at law, and it is refused by the defendant, if the discovery thus asked for is afterwards drawn from the defendant by his answer to the bill, such defendant is not entitled to costs against the complainant.

THIS was an application to dissolve the injunction, upon the coming in of the defendant's answer to a bill of discovery, and for costs. The application for costs was resisted upon the ground that the defendant had refused to make the discovery sought until it was drawn from him by the complainant's bill.

*I. Harris,* complainant, in person.

*J. Rhoades,* for the defendant.

THE CHANCELLOR. The defendant in this case is not entitled to costs. The complainant was entitled to the discovery without suit, as it was material to the maintenance of his rights at law. And it having been refused by the defendant without any sufficient excuse, and the complainant having obtained it by the aid of this court, the defendant must bear his own costs of the answer and of his other proceedings in this suit.

Order accordingly.